**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Hsiu-Mei Yu*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONALD RAMSEY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COINBASE GLOBAL, INC., BRIAN ARMSTRONG, ALESIA J. HAAS, JENNIFER N. JONES, SUROJIT CHATTERJEE, PAUL GREWAL, MARC L. ANDREESSEN, FREDERICK ERNEST EHRSAM III, KATHRYN HAUN, KELLY KRAMER, GOKUL RAJARAM, FRED WILSON, AH CAPITAL MANAGEMENT LLC, PARADIGM FUND LP, RIBBIT MANAGEMENT COMPANY, LLC, TIGER GLOBAL MANAGEMENT, LLC, UNION SQUARE VENTURES, LLC, and VISERION INVESTMENT PTE LTD.,<br><br>Defendants. | Case No.: 3:21-cv-05634-VC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HSIU-MEI YU'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:        October 28, 2021<br>Time:       2:00 p.m.<br>Courtroom: 4-17th Floor<br>Judge:      Hon. Vince Chhabria |

| | | |
|---|---|---|
| 1 | GABBY KLEIN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 4:21-cv-06049-YGR |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | COINBASE GLOBAL, INC., BRIAN ARMSTRONG, ALESIA J. HAAS, JENNIFER N. JONES, SUROJIT CHATTERJEE, PAUL GREWAL, MARC L. ANDREESSEN, FREDERICK ERNEST EHRSAM III, KATHRYN HAUN, KELLY KRAMER, GOKUL RAJARAM, and FRED WILSON, | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | Defendants. | |
| 11 | MATTHEW CATTERLIN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 4:21-cv-06149-YGR |
| 12 | | |
| 13 | | |
| 14 | Plaintiff, | |
| 15 | v. | |
| 16 | COINBASE GLOBAL, INC., BRIAN ARMSTRONG, SUROJIT CHATTERJEE, PAUL GREWAL, ALESIA HAAS, MARC ANDREESSEN, FREDERICK ERNEST EHRSAM III, KATHRYN HAUN, KELLY KRAMER, GOKUL RAJARAM, FRED WILSON, AH CAPITAL, LLC, PARADIGM FUND LP, RIBBIT MANAGEMENT COMPANY, LLC, TIGER GLOBAL MANAGEMENT, LLC, UNION SQUARE VENTURES, LLC, and VISERION INVESTMENT PTE LTD., | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | Defendants. | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HSIU-MEI YU'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on October 28, 2021 at 2:00 p.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Vince Chhabria at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 4 on the 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1. Consolidating the Related Actions (the "Actions");

2. Appointing Hsiu-Mei Yu[1] ("Movant") as Lead Plaintiff.

3. Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel; and

4. Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of her motion for: (a) consolidation of the Actions; (b) appointment of Movant as Lead Plaintiff; and (c) approval of Levi & Korsinsky as Lead Counsel.

---

[1] Ms. Yu received assignments from Wen-Chuan Sung, Wen-Shan Sung, and Wen-Ying Sung, her children, transferring all claims, demands, and causes of action from violations under the federal securities laws in connection with their purchases of Coinbase Global, Inc. securities. Further, Wen-Chuan Sung, Wen-Shan Sung, and Wen-Ying Sung accounts are jointly held with Ms. Yu. A copy of these assignments, and Ms. Yu's PSLRA Certification, are attached to the accompanying Declaration of Adam M. Apton ("Apton Decl.") as Exhibit A. The Certification sets forth all transactions of Ms. Yu and her children in Coinbase Class A common stock pursuant and/or traceable to Coinbase's Offering.

# MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT ................................................................................. 1

II.   STATEMENT OF ISSUES TO BE DECIDED .......................................................... 1

III.  STATEMENT OF FACTS ......................................................................................... 2

IV.   PROCEDURAL HISTORY ........................................................................................ 3

V.    ARGUMENT ............................................................................................................... 4

    A.   Consolidation of the Actions is Appropriate. ................................................... 4

    B.   Movant's Appointment as Lead Plaintiff Is Appropriate. ................................. 5

        1.   The Procedure Required by the PSLRA .................................................. 5

            a.   Movant Is Willing to Serve as Class Representative. ............................. 6

            b.   Movant Has the Largest Financial Interest in the Relief Sought by the Class. ................................................................................................... 6

        2.   Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. ................................................................................................... 7

            a.   Movant's Claims Is Typical of the Claims of All Class Members. ......... 7

            b.   Movant Will Adequately Represent the Class. ...................................... 8

    C.   Approval of Movant's Choice of Counsel Is Appropriate. ............................... 9

VI.   CONCLUSION ......................................................................................................... 10

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HSIU-MEI YU'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
   No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ........................... 6

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ............................................................................................. 1, 6, 7

*Crawford v. Honig*,
   37 F.3d 485 (9th Cir. 1994) .................................................................................................... 8

*Daniels Family 2001 v. Las Vegas Sands Corp.*,
   2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) ............................................................... 10

*Deinnocentis v. Dropbox, Inc.*,
   2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ........................................................ 10

*In re Drexel Burnham Lambert Grp.*,
   960 F.2d 285 (2d Cir. 1992) .................................................................................................... 8

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................................ 8

*Gen. Tel. Co. of the Southwest v. Falcon*,
   457 U.S. 147 (1982) ................................................................................................................ 8

*Gold v. Lumber Liquidators, Inc.*,
   323 F.R.D. 280 (N.D. Cal. 2017) ............................................................................................ 8

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ................................................................................................ 8

*Haung v. Acterna Corp.*,
   220 F.R.D. 255 (D. Md. 2004) ................................................................................................ 7

*Hessefort v. Super Micro Computer, Inc*,
   317 F.Supp.3d 1056 (N.D. Cal. 2018) .................................................................................... 7

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) .................................................................................................. 4

*In re LendingClub Sec. Litig.*,
   282 F.Supp.3d 1171 (N.D. Cal. 2017) .................................................................................... 8

*In re Milestone Sci. Sec. Litig.*,
   183 F.R.D. 404 (D.N.J. 1998) ................................................................................................. 7

*Mitchell v. Complete Mgmt., Inc.*,
   1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept. 17, 1999) ...................................................... 4

*Nickerson v. American Electric Power Company, Inc., et al.*,
   No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020) .................................................. 10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HSIU-MEI YU'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................... 8

*Primavera Familienstifung v. Askin*,
   173 F.R.D. 115 (S.D.N.Y. 1997) ............................................................................................. 4

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993) .................................................................................................... 8

*Veal v. LendingClub Corporation,*
   2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) .......................................................................... 7

*Weisz v. Calpine Corp.*,
   2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002) ...................................................... 4

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................. 4

*White Pine Invs. v. CVR Ref.,*
   2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) .......................................................... 10

**Statutes**

15 U.S.C. § 77z-1 ................................................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................................. *passim*

Fed. R. Civ. P. 42(a) ...................................................................................................................... 4

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HSIU-MEI YU'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

## I. SUMMARY OF ARGUMENT

Presently pending before the Court are the above-captioned securities class actions (the "Actions") brought on behalf of all persons and entities that purchased or otherwise acquired Coinbase Global, Inc. ("Coinbase" or the "Company") Class A common stock pursuant and/or traceable to the Company's registration statement and prospectus (collectively, the "Offering Materials") for the resale of up to 114,850,769 shares of its Class A common stock, whereby Coinbase began trading as a public company on or around April 14, 2021 (the "Offering"). Plaintiffs in the Actions allege violations of the Securities Act of 1933 (the "Securities Act") against the Company, certain of its officers and/or directors, and underwriters.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant lost approximately $2,161,040.04 in losses in connection with her purchases of Coinbase Class A common stock.[2] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that her claims are typical of the claims of the Class, and she will fairly and adequately represent the interests of the Class.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) the Actions be consolidated; (2) she be appointed Lead Plaintiff; and (3) her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1.  Whether the Actions involve substantially similar issues of fact and law and should be

---

[2] Movant's certification identifying her transactions in Coinbase, as required by the PSLRA, as well as a chart identifying her losses, are attached to the Apton Decl. as Exhibits A and B, respectively.

[3] The "Class" is comprised of all persons who purchased or otherwise acquired Class A common stock pursuant and/or traceable to the Offering.

consolidated;

2. Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

3. Whether the Court should appoint Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed Class.

### III. STATEMENT OF FACTS[4]

Coinbase "powers the crypto economy," offering a "trusted platform" for sending and receiving digital assets such as Bitcoin using blockchain technology to approximately 43 million retail users, 7,000 institutions, and 115,000 ecosystem partners in over 100 countries. ¶ 2. Per Coinbase, however, it is its "trusted and easy-to-use products" and "robust backend technology platform to support the global, real-time, and 24/7/365 demands of crypto asset markets," (i.e., its "unique approach") that "draws users, institutions, and ecosystem partners to [its] platform." [Emphasis added.] *Id.*

The Company filed its prospectus on Form 424B4 with the SEC on April 14, 2021, which forms part of the Registration Statement. ¶ 3. Coinbase registered for the resale of up to 114,850,769 shares of its Class A common stock by registered shareholders. *Id.* The resale of the Company's stock was not underwritten by any investment bank and the registered stockholders would purportedly elect whether or not to sell their shares, per the Registration Statement. *Id.* Such sales, if any, would be brokerage transactions on the Nasdaq Global Select Market (the "NASDAQ"), and Coinbase would purportedly not receive any proceeds from the sale of shares of Class A common stock by the registered stockholders. *Id.* As such, Coinbase's operations, including its liquidity and capital resources, would continue to be financed with cash flow from operating activities and net proceeds from the sale of convertible preferred stock. *Id.* Coinbase had cash and cash equivalents of $1.1 billion as of December 31, 2020, exclusive of restricted cash and customer custodial funds. *Id.*

The Offering Materials were false and misleading and omitted to state that, ***at the time of the***

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Ramsey* Complaint") filed in the action styled *Ramsey v. Coinbase Global, Inc., et. al.,* Case No. 3:21-cv-05634-VC (the "*Ramsey* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Ramsey* Complaint. The facts set forth in the *Ramsey* Complaint are incorporated herein by reference.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HSIU-MEI YU'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

*Offering*: (1) the Company required a sizeable cash injection; (2) the Company's platform was susceptible to service-level disruptions, which were increasingly likely to occur as the Company scaled its services to a larger user base; and (3) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. ¶ 7.

Only a month later, the high-flying promise of Coinbase came to a screaming halt, as Coinbase conceded the need to raise capital and revealed performance issues that prevented users' ability to trade cryptocurrencies. ¶ 4. The Company announced on May 17, 2021 its plans to raise about $1.25 billion via a convertible bond sale (the "Bond Offering"). *Id.* Then, on May 19, 2021, Coinbase revealed technical problems, including "delays . . . due to network congestion" effecting those who want to get their money out. *Id.*

In response to this news, the Company's share price declined nearly 10%, or $23.44 per share, over two consecutive trading sessions, to close on May 19, 2021 at $224.80 per share, thereby injuring investors. ¶ 5.

## IV. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Ramsey* Action against the Defendants. Plaintiff Donald Ramsey ("Ramsey") commenced the first-filed action of July 22, 2021. On that same day, counsel acting on Ramsey's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. C (Press Release).

On August 5, 2021, a substantially similar action was filed against Coinbase in this District, entitled *Klein v. Coinbase Global, Inc., et al.,* Case No. 4:21-cv-06049-YGR (N.D. Cal.) (the "*Klein* Action"). Lastly, a third substantially similar action was filed against Defendants in this District on August 10, 2021, entitled *Catterlin v. Coinbase Global, Inc., et al.,* Case No. 4:21-cv-06149-YGR (N.D. Cal.) (the "*Catterlin* Action"). Movant has requested consolidation of the *Ramsey, Klein,* and *Catterlin* Actions.

## V. ARGUMENT

### A. Consolidation of the Actions is Appropriate.

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation") (quoting *Johnson v. Celotex Corp*., 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc*., No. 99-cv-1454, 1999 U.S. Dist. LEXIS 14460, *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Weisz v. Calpine Corp*., No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831, at *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct. Each names Coinbase and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related Actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp*., 899 F.2d at 1285.

**B.  Movant's Appointment as Lead Plaintiff Is Appropriate.**

**1.  The Procedure Required by the PSLRA**

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 77z-1(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 77z-1(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)  has either filed the complaint or made a motion in response to a notice;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique

defenses that Defendants could raise against her. Therefore, Movant is entitled to the presumption that she is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Actions.

### a. Movant Is Willing to Serve as Class Representative.

On July 22, 2021, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 27(a)(3)(A) of the Securities Act, which announced that a securities class action had been filed against Coinbase and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Actions.[5]

Movant has reviewed the complaint filed in the pending Actions and has timely filed her motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

### b. Movant Has the Largest Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Actions. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Pursuant and/or traceable to the Offering, Movant purchased Coinbase shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $2161,040.04. *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of her knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

---

[5] The Notice was published over *Business Wire*, a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. C.

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HSIU-MEI YU'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying her appointment as Lead Plaintiff.

#### a. Movant's Claims Is Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because her claims result from: (i) the same injuries as the absent class members; (ii) the same course

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HSIU-MEI YU'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.*, 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.*, 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon*, 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.*, 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claim is identical to, and neither competes nor conflicts with the claims of the other Class members. Movant, like the other members of the Class, acquired Coinbase Class A common stock pursuant and/or traceable to the Offering and was damaged thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover is similar to those of other Class members and her losses results from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 77z-1(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

8
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HSIU-MEI YU'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial loss she suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit her choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v).

Moreover, Movant considers herself to be a sophisticated investor, having been investing in the stock market for over 30 years. *See* Apton Decl., Ex. D, Movant's Declaration in support of her motion.\ She resides in Taichung City, Taiwan, Republic of China, and graduated from the Department of Nursing at the Zhongtai University of Science and Technology. *Id.* Movant is currently employed as the owner and manager of Golden Era Jewelry Store. *Id*. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of her motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Actions as a result of the defendants' alleged wrongdoing, she is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 77z-1(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

**C. Approval of Movant's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class.

The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl., Ex. E (the firm résumé of Levi & Korsinsky).

## VI. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: September 20, 2021                Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Hsiu-Mei Yu and Proposed Lead Counsel for the Class*