ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
JENNIFER N. CARINGAL (286197)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD RAMSEY, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 3:21-cv-05634-VC |
| | ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF |
| COINBASE GLOBAL, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

DATE:   October 28, 2021
TIME:   2:00 p.m.
CTRM:   4, 17th Floor
JUDGE:  Hon. Vince Chhabria

4814-3407-4107.v1

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on October 28, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 4 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, 94102 before the Honorable Vince Chhabria, class member Steven E. Breitman will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an order: (1) consolidating the related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointing Mr. Breitman as Lead Plaintiff; and (3) approving Mr. Breitman's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.[1] This Motion is made on the grounds that the related actions allege substantially similar factual and legal issues, and Mr. Breitman is the most adequate plaintiff to serve as lead plaintiff in the consolidated action. In support of this Motion, Mr. Breitman submits herewith a Memorandum of Points and Authorities and the Declaration of Jennifer N. Caringal ("Caringal Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Presently pending in this District are three securities class action lawsuits (the "Related Actions") asserting claims pursuant to the Securities Act of 1933 ("1933 Act") on behalf of: (1) purchasers or acquirers of Coinbase Global, Inc. ("Coinbase" or the "Company") Class A common stock pursuant and/or traceable to the Company's registration statement and prospectus (collectively, the "Offering Materials") for the resale of up to 114,850,769 shares of its Class A common stock,

---

[1]   Your Honor's Civil Standing Order requires a conference with "opposing counsel prior to noticing a motion." However, because the PSLRA permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. §77z-4(a)(3)(B)(i), Mr. Breitman cannot ascertain whether any other parties will also seek appointment as lead plaintiff until after the deadline expires on September 20, 2021. Accordingly, Mr. Breitman's counsel respectfully requests that compliance with the meet and confer requirements of Your Honor's Civil Standing Order be waived due to the fact that Mr. Breitman cannot confer with unknown movants.

whereby Coinbase began trading as a public company on or around April 14, 2021 (the "Offering").[2] Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §77z-1(a)(3)(B)(ii). As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common legal and factual questions.

After deciding consolidation, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i). Here, Steven E. Breitman should be appointed as lead plaintiff because he: (1) timely filed this motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii). In addition, Mr. Breitman's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the firm possess extensive experience prosecuting securities class actions and will adequately represent the interests of all class members. *See* 15 U.S.C. §77z-1(a)(3)(B)(v).

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.  Whether the Court should consolidated the Related Actions for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.  Whether the Court should appoint Mr. Breitman as Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B); and

3.  Whether the Court should approve Mr. Breitman's selection of Robbins Geller as Lead Counsel pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v).

## III.    STATEMENT OF FACTS[3]

Coinbase is the largest cryptocurrency exchange in the United States and starting in 2012, the Company sought to allow anyone, anywhere, the ability to easily and securely send and receive

---

[2]     The related actions are *Ramsey v. Coinbase Global, Inc.*, No. 3:21-cv-05634 (filed July 22, 2021), *Klein v. Coinbase Global, Inc.*, No. 4:21-cv-06049 (filed August 5, 2021), and *Catterlin v. Coinbase Global, Inc.*, No. 4:21-cv-06149 (filed August 10, 2021).

[3]     These allegations are mostly based on the first-filed *Ramsey* complaint.

Bitcoin, the first crypto asset. Over the years, Coinbase has expanded to enable customers to invest in, and use, a multitude of crypto assets. For the overwhelming majority of its 43 million retail users, Coinbase functions as the primary "financial account for the cryptoeconomy – a safe, trusted, and easy-to-use platform to invest, store, spend, earn, and use crypto assets." ECF No. 1 at ¶36. Coinbase generates nearly all of its revenue largely from transaction fees earned from these individuals.

On March 23, 2021, Coinbase filed its final amendment to the Registration Statement with the U.S. Securities and Exchange Commission ("SEC") on Form S-1/A, which forms part of the Registration Statement. The Registration Statement was declared effective on April 1, 2021. On April 14, 2021, Coinbase filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. The Company registered for the resale of up to 114.8 million shares of its Class A common stock by registered shareholders. That same day, Coinbase shares began trading on the NASDAQ at $381 per share.

The complaints in the Related Actions allege that Coinbase's Offering Materials were false and misleading and omitted to state that, at the time of the Offering: (i) Coinbase required a sizeable cash injection; (ii) Coinbase's platform was susceptible to service-level disruptions, which were increasingly likely to occur as Coinbase scaled its services to a larger user base; and (iii) as a result, defendants' positive statements about Coinbase's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On May 17, 2021, Coinbase revealed plans to raise about $1.25 billion via a convertible bond sale (the "Bond Offering"). *Forbes.com* was quick to note the conflict between the Offering Materials and Coinbase's Bond Offering in its article entitled "Why is Coinbase Stock Trending Lower?" stating in relevant part that "[i]nvestors were also likely surprised by the timing of the issue, considering that Coinbase just went public in mid-April via a direct listing (which doesn't involve issuing new shares or raising capital), signaling that it didn't require cash." ECF No. 1 at ¶53. On this news, Coinbase's stock price declined nearly 4%.

Then, on May 19, 2021, as the value of cryptocurrencies fell, Coinbase revealed technical problems experienced by users on its platform, including "delays . . . due to network congestion"

affecting those who want to get their money out. ECF No. 1 at ¶55. On this news, Coinbase's stock price declined nearly 6%, further damaging investors.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of Coinbase shares, Mr. Breitman and other class members have suffered significant losses and damages.

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §77z-1(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a).

Here, the Related Actions present substantially similar factual and legal issues, as the complaints were filed against overlapping defendants on behalf of investors or acquirers of Coinbase Class A common stock, alleging violations of the 1933 Act. Accordingly, consolidation is appropriate here.

### B. Mr. Breitman Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1933 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §77z-1(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Mr. Bretiman meets each of these requirements and should be appointed Lead Plaintiff.

### 1.      This Motion Is Timely

The statutory notice in this case was published on July 22, 2021 on *Business Wire* advising class members of the pendency of the action, its alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days, *i.e.*, by September 20, 2021. *See* Caringal Decl., Ex. A. Because this motion is being filed on September 20th, it is timely and Mr. Breitman is entitled to be considered for appointment as lead plaintiff.

### 2.      Mr. Breitman Has a Substantial Financial Interest In the Relief Sought by the Class

As evidenced by his PSLRA Certification and loss chart, Mr. Breitman purchased 2,000 shares of Coinbase stock and suffered approximately $252,643 in losses as a result of defendants' alleged violations of the federal securities laws. *See* Caringal Decl., Exs. B, C. Therefore, Mr. Breitman has a substantial financial interest in the relief sought by the class.

### 3.      Mr. Breitman Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (same).

"Typicality asks whether 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Bodri*, 2016 WL 1718217, at *5 (quoting Fed. R. Civ. P. 23(a)(3)). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Id.* (quoting Fed. R. Civ. P. 23(a)(4)).

Here, as to typicality, Mr. Breitman purchased Coinbase stock and suffered the same injury as absent class members. *See* Caringal Decl., Exs. B, C. Consistent with the PSLRA, Mr.

Breitman's Certification sets forth his transactions in Coinbase securities during the Class Period. Mr. Breitman has not conflated his own financial interest with the Coinbase transactions of any third-party entities in which Mr. Breitman may have invested. As such, Mr. Breitman has a significant direct interest in the outcome of this action, ensuring he will vigorously represent the class.

Mr. Breitman also satisfies the adequacy requirement. With approximately 40 years of investing experience, Mr. Breitman is a sophisticated investor and has submitted a sworn Certification and a Declaration confirming his willingness and ability to serve as lead plaintiff. *See* Caringal Decl., Exs. B, D. Mr. Breitman is the owner and president of a leading laundry service provider for multi-housing properties on the East Coast, and he is also the owner and president of a company that owns and manages residential and industrial properties. *See* Caringal Decl., Ex. D at ¶1. Mr. Breitman is also familiar with selecting and overseeing lawyers. *Id.* And, as further detailed below and in his Declaration, Mr. Breitman retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. *See id*. at ¶6.

As such, the Court should find that Mr. Breitman has made the requisite showing of typicality and adequacy.

### C.  The Court Should Approve Mr. Breitman's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Mr. Breitman has selected Robbins Geller as lead counsel in this case.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in

complex securities litigation.[4]  District courts in this District, and throughout the nation, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations.  *See, e.g.*, *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 837 (N.D. Cal. 2019) (Donato, J.) (appointing Robbins Geller as lead counsel); *In re Zoom Sec. Litig.*, No. 3:20-cv-02353-JD, ECF No. 56 (N.D. Cal. Nov. 4, 2020) (Donato, J.) (same); *In re Facebook Biometric Info. Privacy Litig*, 2021 WL 757025, at *1 (N.D. Cal. Feb. 26, 2021) (Donato, J.) (approving largest all cash privacy settlement obtained by Robbins Geller and co-counsel, finding that "[b]y any measure, the $650 million settlement in this biometric privacy class action is a landmark result"); *In re LendingClub Sec. Litig.*, No. 3:16-cv-02627-WHA, ECF No. 383 (N.D. Cal. Sept 24, 2018) (Alsup, J.) (finalizing the $125 million settlement Robbins Geller achieved – a settlement that ranks among the top ten largest securities recoveries ever in the Northern District of California.).  Robbins Geller attorneys have obtained the largest securities fraud class action recovery in this Circuit and in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[5]

Accordingly, Mr. Breitman's selection of Robbins Geller as lead counsel is reasonable and should be approved.

---

[4]   For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

[5]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

## V. CONCLUSION

The Related Actions involve common legal and factual questions and should be consolidated for all purposes. Additionally, Mr. Breitman has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Breitman respectfully requests that the Court consolidate the Related Actions, appoint him as Lead Plaintiff, and approve his selection of Lead Counsel.

DATED: September 20, 2021      ROBBINS GELLER RUDMAN
       & DOWD LLP

       s/ Jennifer N. Caringal
       JENNIFER N. CARINGAL

DANIELLE S. MYERS
JENNIFER N. CARINGAL
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 20, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Jennifer N. Caringal
JENNIFER N. CARINGAL

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  jcaringal@rgrdlaw.com

4814-3407-4107.v1

# Mailing Information for a Case 3:21-cv-05634-VC Ramsey v. Coinbase Global, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **John T. Jasnoch**
  jjasnoch@scott-scott.com,rswartz@scott-scott.com,tsaviano@scott-scott.com,scott-scott@ecf.courtdrive.com,tharo@scott-scott.com,edewan@scott-scott.com,kjager@scott-scott.com

- **Aryeh Kaufman**
  aryeh@akaufmanlegal.com

- **Thomas L Laughlin , IV**
  tlaughlin@scott-scott.com,rswartz@scott-scott.com,scott-scott@ecf.courtdrive.com,dcolonna@scott-scott.com,efile@scott-scott.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Marion Curry Passmore**
  passmore@bespc.com,ecf@bespc.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Brian Jared Schall**
  brian@schallfirm.com

- **David Jay Stone**
  stone@bespc.com,ecf@bespc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`