POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant
Stanislav Voronov and Proposed Lead
Counsel for the Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DONALD RAMSEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COINBASE GLOBAL, INC., BRIAN ARMSTRONG, ALESIA J. HAAS, JENNIFER N. JONES, SUROJIT CHATTERJEE, PAUL GREWAL, MARC L. ANDREESSEN, FREDERICK ERNEST EHRSAM III, KATHRYN HAUN, KELLY KRAMER, GOKUL RAJARAM, FRED WILSON, AH CAPITAL MANAGEMENT LLC, PARADIGM FUND LP, RIBBIT MANAGEMENT COMPANY, LLC, TIGER GLOBAL MANAGEMENT, LLC, UNION SQUARE VENTURES, LLC, and VISERION INVESTMENT PTE LTD.,<br><br>Defendants. | Case No.: 3:21-cv-05634-VC<br><br>NOTICE OF MOTION AND MOTION OF STANISLAV VORONOV FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date: October 28, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Vince Chhabria<br>Courtroom: 4 – 17th Floor |

| | |
|---|---|
| GABBY KLEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COINBASE GLOBAL, INC., BRIAN ARMSTRONG, ALESIA J. HAAS, JENNIFER N. JONES, SUROJIT CHATTERJEE, PAUL GREWAL, MARC L. ANDREESSEN, FREDERICK ERNEST EHRSAM III, KATHRYN HAUN, KELLY KRAMER, GOKUL RAJARAM, and FRED WILSON,<br><br>Defendants. | Case No.: 4:21-cv-06049-YGR<br><br>CLASS ACTION |
| MATTHEW CATTERLIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COINBASE GLOBAL, INC., BRIAN ARMSTRONG, SUROJIT CHATTERJEE, PAUL GREWAL, ALESIA HAAS, MARC ANDREESSEN, FREDERICK ERNEST EHRSAM III, KATHRYN HAUN, KELLY KRAMER, GOKUL RAJARAM, FRED WILSON, AH CAPITAL, LLC, PARADIGM FUND LP, RIBBIT MANAGEMENT COMPANY, LLC, TIGER GLOBAL MANAGEMENT, LLC, UNION SQUARE VENTURES, LLC, and VISERION INVESTMENT PTE LTD,<br><br>Defendants. | Case No.: 4:21-cv-06149-YGR<br><br>CLASS ACTION |

# TABLE OF CONTENTS

NOTICE OF MOTION ........................................................................................................... 1

SUMMARY OF ARGUMENT .............................................................................................. 2

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 3

I.    PRELIMINARY STATEMENT .................................................................................. 3

II.    STATEMENT OF FACTS ............................................................................................ 4

III.    ARGUMENT ................................................................................................................. 6

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................... 6

    B.    VORONOV SHOULD BE APPOINTED LEAD PLAINTIFF ............................. 7

        1.    Voronov Is Willing to Serve as Class Representative ............................... 8

        2.    Voronov Is the Most Adequate Plaintiff Within the Meaning of the PSLRA ................................................................................................. 9

            a.    Voronov Has the Largest Financial Interest in the Related Actions ............................................................................................. 9

            b.    Voronov Otherwise Satisfies the Requirements of Rule 23 ........ 10

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .......................................................................................................... 12

IV.    CONCLUSION ............................................................................................................ 13

i

NOTICE OF MOTION AND MOTION OF STANISLAV VORONOV FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:21-cv-05634-VC; 4:21-cv-06049-YGR; 4:21-cv-06149-YGR

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF,
    2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014) ................................................. 10

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK,
    2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012) ..................................................... 2, 9

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ........................................................................................... 10

*Hessefort v. Super Micro Comput., Inc.*,
    317 F. Supp. 3d 1056 (N.D. Cal. 2018) ........................................................................... 10

*In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
    2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) ................................................. 10

*Knox v. Yingli Green Energy Holding Co.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) .......................................................................... 3, 9

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ......................................... 2, 3, 9, 10

*Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC,
    2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013) ................................................... 2, 7

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
    2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) ...................................................... 9

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
    2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) ................................................ 2, 3, 9

*Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx),
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ..................................................... 12

*Richardson v. TVIA, Inc.*, No. C-06-06304 RMW,
    2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) ............................................ 2, 7, 10

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................................ 11

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW,
    2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) ................................................ 2, 7

**Statutes**

15 U.S.C. § 77z-1 ............................................................................................................................*passim*

15 U.S.C. § 77k .................................................................................................................................. 3, 7

15 U.S.C. § 78u-4 ............................................................................................................................. 3, 12

Private Securities Litigation Reform Act of 1995 ...............................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ...........................................................................................................................*passim*

Fed. R. Civ. P. 42 ...................................................................................................................... 1, 2, 3, 7

## NOTICE OF MOTION

TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on October 28, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Vince Chhabria in Courtroom 4, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Stanislav Voronov ("Voronov") will and hereby does respectfully move this Court pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Voronov as Lead Plaintiff in the Related Actions on behalf of a class (the "Class") consisting of all persons and entities that purchased or otherwise acquired Coinbase Global, Inc. ("Coinbase" or the "Company") stock pursuant or traceable to the Registration Statement and Prospectus (together, the "Offering Materials") issued in connection with Coinbase's April 14, 2021 initial public stock offering ("IPO"); and (3) approving Voronov's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

Voronov is aware of provision eight of this Court's Individual Standing Order for Civil Cases, which provides, "Counsel for the moving party should confer with opposing counsel about a mutually convenient hearing date before noticing any motion." Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the Related Actions is September 20, 2021, on which date any member of the putative class may so move. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II) & (a)(3)(B)(i). Voronov will thus not know the identities of the other putative class members, if any, who intend to file competing Lead Plaintiff motions until September 21, 2021—the day after the statutory deadline—making conferral with opposing counsel prior to the filing of Voronov's motion papers impracticable. Under these circumstances, Voronov respectfully requests that compliance with provision eight of this Court's Individual Standing Order for Civil Cases be waived in this instance.

## SUMMARY OF ARGUMENT

To the extent that this motion seeks consolidation, it is made on the grounds that the Related Actions are putative class actions alleging violations of the federal securities laws by overlapping defendants and arising from the same alleged fraudulent misconduct. As such, the Related Actions involve common questions of both law and fact, and their consolidation pursuant to Rule 42(a) is appropriate and warranted. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *6 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at *10 (N.D. Cal. July 2, 2013); *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9 (N.D. Cal. Feb. 21, 2012).

To the extent that this motion seeks appointment of Voronov as Lead Plaintiff, this motion is made on the grounds that Voronov is the "most adequate plaintiff" to lead the Class within the meaning of the PSLRA and that the PSLRA therefore mandates Voronov's appointment as Lead Plaintiff. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(i). Voronov believes that he is entitled to a rebuttable presumption favoring his appointment, since he has the "largest financial interest" in the relief sought by the Class in the Related Actions by virtue of, *inter alia*, his losses of approximately $54,222, which were suffered as a result of the above-captioned defendants' ("Defendants") wrongful conduct as alleged in the Related Actions. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997) (determining financial interest by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-

04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19; *Knox*, 135 F. Supp. 3d. at 1163.  As the movant, to his knowledge, with the largest financial interest in the Related Actions, Voronov believes he is presumptively the most adequate lead plaintiff within the meaning of the PSLRA.

Voronov also satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because his claims are typical of the claims of other putative Class members and because he will fairly and adequately represent their interests.

In addition, the PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  Voronov's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Related Actions effectively and expeditiously under Voronov's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

Presently pending in this District are three actions (the Related Actions) alleging violations of Sections 11, 12, and 15 of the Securities Act (15 U.S.C. §§ 77k, 77l, and 77o), on behalf of all those who purchased or otherwise acquired Coinbase stock pursuant or traceable to the IPO against Defendants.  Voronov hereby moves for these three actions to be consolidated pursuant to Rule 42(a) because they involve common questions of law and fact and because consolidation here would promote judicial economy.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that is shown to be the "most adequate plaintiff."  *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I).  The PSLRA creates

a rebuttable presumption that the "most adequate plaintiff" is the one that possess the "largest financial interest" in the outcome of the litigation and that satisfies the requirements of Rule 23. *Id.* Voronov believes that he should benefit from a rebuttable presumption arising from his having the largest financial interest in this litigation. Pursuant or traceable to the Offering Materials issued in connection with the IPO, Voronov purchased 350 shares of Coinbase stock; expended $133,350 on his purchases; retained all of his Coinbase shares; and, as a result of the wrongful conduct alleged in the Related Actions, incurred losses of approximately $54,222 in connection with his purchases of Coinbase stock. *See* Pafiti Decl., Ex. A.

Beyond his significant financial interest, Voronov also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Voronov has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the U.S., as well as an $80 million recovery on behalf of investors in Yahoo! securities. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Based on his being the "most adequate plaintiff," his significant financial interest, his satisfaction of Rule 23 requirements, and his commitment to overseeing the Related Actions, Voronov respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving Pomerantz as Lead Counsel.

## II.     STATEMENT OF FACTS

As alleged in the Complaint of the first-filed of the above captioned Related Actions, Coinbase "powers the cryptoeconomy," offering a "trusted platform" for sending and receiving Bitcoin and other digital assets built using blockchain technology to approximately 43 million

4

NOTICE OF MOTION AND MOTION OF STANISLAV VORONOV FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:21-cv-05634-VC; 4:21-cv-06049-YGR; 4:21-cv-06149-YGR

retail users, 7,000 institutions, and 115,000 ecosystem partners in over 100 countries. For retail users, Coinbase functions as the primary "financial account for the cryptoeconomy – a ***safe, trusted, and easy-to-use platform*** to invest, store, spend, earn, and use crypto assets." For institutions, Coinbase offers "hedge funds, money managers, and corporations, a one-stop shop for accessing crypto markets through advanced trading and custody technology, built on top of a ***robust security infrastructure***[,]" and "a state of the art marketplace with a deep pool of liquidity transacting in crypto assets." And, for ecosystem partners, including developers, merchants and asset issuers, "a platform with technology and services that enables them to build applications that leverage crypto protocols, actively participate in crypto networks, and securely accept cryptocurrencies as payments." According to Coinbase, however, it is its "trusted and easy-to-use products" and "robust backend technology platform to support the global, ***real-time, and 24/7/365 demands*** of crypto asset markets," (i.e., its "unique approach") that "draws users, institutions, and ecosystem partners to [its] platform." [Emphasis added.].

On April 14, 2021, Coinbase filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. The Company registered for the resale of up to 114,850,769 shares of its Class A common stock by registered shareholders. According to the Registration Statement, the resale of the Company's stock was not underwritten by any investment bank and the registered stockholders would purportedly elect whether or not to sell their shares. Such sales, if any, would be brokerage transactions on the Nasdaq Global Select Market, and Coinbase would purportedly not receive any proceeds from the sale of shares of Class A common stock by the registered stockholders. Thus, Coinbase's operations, including its liquidity and capital resources, would continue to be financed with cash flow from operating activities and net proceeds from the sale of convertible preferred stock. As of December 31, 2020, Coinbase had cash and cash equivalents of $1.1 billion, exclusive of restricted cash and customer custodial funds.

Only a month later, the high-flying promise of Coinbase came to a screaming halt, as Coinbase conceded the need to raise capital and revealed performance issues that prevented users' ability to trade cryptocurrencies. On May 17, 2021, Coinbase announced its plans to raise about $1.25 billion via a convertible bond sale. Then, on May 19, 2021, Coinbase revealed technical problems, including "delays . . . due to network congestion" effecting those who want to get their money out.

On this news, the Company's share price fell $23.44 per share, nearly 10% over two consecutive trading sessions, to close at $224.80 per share on May 19, 2021, thereby injuring investors.

By the commencement of the first-filed of the Related Actions, Coinbase stock traded as low as $208.00 per share, a significant decline from its April 14, 2021 opening price of $381.00 per share.

The Offering Materials were false and misleading and omitted to state that, *at the time of the Offering*: (1) the Company required a sizeable cash injection; (2) the Company's platform was susceptible to service-level disruptions, which were increasingly likely to occur as the Company scaled its services to a larger user base; and (3) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

**III.   ARGUMENT**

    **A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may

6

NOTICE OF MOTION AND MOTION OF STANISLAV VORONOV FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:21-cv-05634-VC; 4:21-cv-06049-YGR; 4:21-cv-06149-YGR

Case 3:21-cv-05634-VC   Document 45   Filed 09/20/21   Page 12 of 20

order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson*, 2007 U.S. Dist. LEXIS 28406, at *6; *Mulligan*, 2013 U.S. Dist. LEXIS 93119, at *10; *Woburn Ret. Sys.*, 2012 U.S. Dist. LEXIS 21590, at *9.

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed." 15 U.S.C. §§ 77z-1(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 11, 12, and 15 of the Securities Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

### B. VORONOV SHOULD BE APPOINTED LEAD PLAINTIFF

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action, which in this case was published on July 22, 2021 (*see* Pafiti Decl., Ex. B, at 1). *See* 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II). The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(i) & (ii). Voronov's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. §§ 77z-1(a)(3)(B) the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')." *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(i). Voronov is

7
NOTICE OF MOTION AND MOTION OF STANISLAV VORONOV FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:21-cv-05634-VC; 4:21-cv-06049-YGR; 4:21-cv-06149-YGR

the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed the complaint or made a lead plaintiff motion; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(aa)-(cc).  As set forth below, Voronov satisfies all three of these criteria and thus believes that he is entitled to the rebuttable presumption that he is the most adequate plaintiff within the meaning of the PSLRA.  Specifically, Voronov is willing to serve as Lead Plaintiff, has the largest financial interest in the Related Actions to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

For all these reasons, as set forth in greater detail below, Voronov respectfully urges the Court to appoint him to serve as Lead Plaintiff overseeing the Related Actions.

### 1. Voronov Is Willing to Serve as Class Representative

On July 22, 2021, counsel for the plaintiff in the first-filed of the above captioned Related Actions caused a notice (the "Notice") to be published over *Business Wire* pursuant to Sections 27(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants and which advised investors who purchased Coinbase stock pursuant and/or traceable to the Offering Materials that they had 60 days from the date of the Notice—*i.e.*, until September 20, 2021—to file a motion to be appointed as lead plaintiff.  *See* Pafiti Decl., Ex. B.  Voronov has filed the instant motion pursuant to the Notice, and has attached a Certification executed by him attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. C, at 1.  Under the PSLRA, Voronov's actions were timely and legally sufficient.  Accordingly, Voronov readily satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Voronov Is the Most Adequate Plaintiff Within the Meaning of the PSLRA

When faced with competing lead plaintiff motions, under 15 U.S.C. § 77z-1(a)(3)(B) the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')." *See* 15 U.S.C. § 77z-1(a)(3)(B)(i). Voronov is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

#### a. Voronov Has the Largest Financial Interest in the Related Actions

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). To the best of his knowledge, Voronov has the largest financial interest of any Coinbase investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered. 1997 U.S. Dist. LEXIS 11866, at *17-*18. In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18 ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys.*, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (same); *Knox*, 136 F. Supp. 3d at 1163 (same). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19; *Knox*, 135 F. Supp. 3d. at 1163.

Pursuant or traceable to the Offering Materials issued in connection with the IPO, Voronov: (1) purchased 350 shares of Coinbase stock; (2) expended $133,350 on his purchases; (3) retained all of his Coinbase shares; and (4) as a result of the wrongful conduct alleged in the Related Actions, incurred losses of approximately $54,222 in connection with his purchases of Coinbase stock. *See* Pafiti Decl., Ex. A. Thus, under the *Lax* factors, Voronov believes that he has the largest financial interest among any potential lead plaintiff movants in the Related Actions, thereby entitling Voronov to a rebuttable presumption that he is the "most adequate plaintiff" within the PSLRA's meaning (15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb)), given that he also satisfies the requirements of Rule 23.

### b.   Voronov Otherwise Satisfies the Requirements of Rule 23

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that the movant is the "most adequate plaintiff," the movant must also demonstrate that it "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). A *prima facie* showing suffices for this determination. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *13 (N.D. Cal. Jan. 25, 2017). Voronov readily passes muster.

Voronov satisfies the threshold for Rule 23(a)(3) typicality. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *16 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Voronov's claims are typical of those of the Class members. Like all Class members, Voronov alleges that: (1) Defendants violated the Securities Act by making false or misleading statements of material facts and/or

omitting to disclose material facts concerning Coinbase; (2) Voronov and the Class members purchased Coinbase stock pursuant or traceable to the IPO at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions; and (3) Voronov and the Class members were damaged upon the revelation of Defendants' alleged misrepresentations or omissions through corrective disclosures that drove Coinbase's share price downward. These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate Voronov's typicality under Rule 23(a)(3).

Voronov also satisfies the Rule 23(a)(4) adequacy requirement. In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted). Here, Voronov has submitted a Certification executed by him declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C, at 1. Voronov has no conflicts of interest or antagonism with the Class of Coinbase investors he seeks to represent. Voronov's significant losses from his purchases of Coinbase stock pursuant to the Offering Documents issued in connection with the IPO demonstrate that he has a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

Indeed, Voronov has already demonstrated his ability to pursue securities claims through his choice of counsel, Pomerantz. Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in Section III.C., *infra*. Voronov's and Pomerantz's willingness and ability to zealously litigate the claims in the Related Actions on behalf of the Class cannot reasonably be questioned.

Further demonstrating his adequacy, Voronov has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a

Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D.

### C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so in order "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Voronov has selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Pafiti Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id*, at 2. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id*, at 5. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id*, at 2-3.

As a result of their extensive experience in similar litigation, Voronov's choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Related Actions effectively and expeditiously. The Court may be assured that by approving Voronov's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Voronov respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## IV. CONCLUSION

For the foregoing reasons, Voronov respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Voronov as Lead Plaintiff for the Class; and (3) approving Voronov's selection of Pomerantz as Lead Counsel for the Class.

Dated:  September 20, 2021                          Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman (*pro hac vice*)
J. Alexander Hood II (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Stanislav Voronov and Proposed Lead Counsel for the Class*

POLLOCK COHEN LLP
Adam Pollock (*pro hac vice* application forthcoming)
Raphael Janove (*pro hac vice* application forthcoming)
60 Broad Street, 24th Fl.
New York, NY 10004
Telephone: (212) 337-5361
adam@pollockcohen.com
rafi@pollockcohen.com

DILENDORF LAW FIRM PLLC
Max Dilendorf (*pro hac vice* application forthcoming)
4 World Trade Center, Suite 2979
New York, NY 10006
Telephone: (212) 457-9797
md@dilendorf.com

13
NOTICE OF MOTION AND MOTION OF STANISLAV VORONOV FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:21-cv-05634-VC; 4:21-cv-06049-YGR; 4:21-cv-06149-YGR

*Additional Counsel for Lead Plaintiff Movant Stanislav Voronov*

**PROOF OF SERVICE**

I hereby certify that on September 20, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti