Thomas L. Laughlin, IV (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Rhiana L. Swartz (*pro hac vice* forthcoming)
Jonathan M. Zimmerman (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-233-6444
Facsimile: 212-233-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

*Attorneys for Lead Plaintiff Movants*
*Justin McMichael and Vincenzo Casola*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DONALD RAMSEY, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

COINBASE GLOBAL, INC., BRIAN ARMSTRONG, ALESIA J. HAAS, JENNIFER N. JONES, SUROJIT CHATTERJEE, PAUL GREWAL, MARC L. ANDREESSEN, FREDERICK ERNEST EHRSAM III, KATHRYN HAUN, KELLY KRAMER, GOKUL RAJARAM, FRED WILSON, AH CAPITAL MANAGEMENT LLC, PARADIGM FUND LP, RIBBIT MANAGEMENT COMPANY, LLC, TIGER GLOBAL MANAGEMENT, LLC, UNION SQUARE VENTURES, LLC, and VISERION INVESTMENT PTE LTD.

Defendants.

*Caption continued on following page.*

Case No. 3:21-cv-05634-VC

**NOTICE OF MOTION & MOTION OF JUSTIN MCMICHAEL AND VINCENT CASOLA FOR: (1) CONSOLIDATION OF RELATED CASES; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**

Judge: Honorable Vince Chhabria
Dept.: 4, 17th Floor

Date: October 28, 2021
Time: 2:00 p.m.

| | |
|---|---|
| GABBY KLEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COINBASE GLOBAL, INC., BRIAN ARMSTRONG, ALESIA J. HAAS, JENNIFER N. JONES, SUROJIT CHATTERJEE, PAUL GREWAL, MARC L. ANDREESSEN, FREDERICK ERNEST EHRSAM III, KATHRYN HAUN, KELLY KRAMER, GOKUL RAJARAM, and FRED WILSON,<br><br>Defendants. | Case No. 4:21-cv-06049-YGR |
| MATTHEW CATTERLIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COINBASE GLOBAL, INC., BRIAN ARMSTRONG, SUROJIT CHATTERJEE, PAUL GREWAL, ALESIA HAAS, MARC ANDREESSEN, FREDERICK ERNEST EHRSAM III, KATHRYN HAUN, KELLY KRAMER, GOKUL RAJARAM, FRED WILSON, AH CAPITAL, LLC, PARADIGM FUND LP, RIBBIT MANAGEMENT COMPANY, LLC, TIGER GLOBAL MANAGEMENT, LLC, UNION SQUARE VENTURES, LLC, and VISERION INVESTMENT PTE LTD,<br><br>Defendants. | Case No. 4:21-cv-06149-YGR |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ........ 1

STATEMENT OF THE ISSUES TO BE DECIDED ........ 2

MEMORANDUM OF POINTS AND AUTHORITIES ........ 2

I. INTRODUCTION ........ 2

II. FACTUAL BACKGROUND ........ 3

III. ARGUMENT ........ 4

A. The Above-Captioned Cases Should Be Consolidated ........ 4

B. Movants Should Be Appointed Co-Lead Plaintiffs ........ 4

1. Movants' Motion Is Timely ........ 4

2. Movants Have the Largest Financial Stake in the Relief Sought by the Class ........ 5

3. Movants Are Otherwise Qualified Under Rule 23 ........ 6

C. The Court Should Approve Movants' Choice of Counsel ........ 8

IV. CONCLUSION ........ 9

i

NOTICE OF MOTION & MOTION OF JUSTIN MCMICHAEL AND VINCENZO CASOLA FOR: (1) CONSOLIDATION OF RELATED CASES; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cohen v. U.S. Dist. Ct. for N. Dist. of California.*,
586 F.3d 703 (9th Cir. 2009) ....................8

*Cornwell v. Credit Suisse Grp.*,
No. 08-cv-03758, 2011 WL 13263367 (S.D.N.Y. July 20, 2011)....................8

*Dolan v. Axis Capital Holdings Ltd.*,
No. 04 Civ. 8564, 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005)....................4

*Feyko v. Yuhe Int'l Inc*.,
No. CV 11-05511, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ....................5

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ....................3, 5, 8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)....................8

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ....................6

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)....................4

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ....................6

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
No. 13-CV-05368, 2014 WL 2604991 (N.D. Cal. June 10, 2014)....................5

*Richardson v. TVIA, Inc.*,
No. C 06 06304, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)....................5, 6

*Russo v. Finisair Corp.*,
No. 5:CV11-01252, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011)....................7

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ....................4

*Westley v. Oclaro, Inc.*,
No. C-11-2448, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ....................6, 7

**Statutes, Rules, and Regulations**

15 U.S.C.
§77k ... 3
§77l ... 3
§77o ... 3
§77z-1(a)(3)(A)(i) ... 4
§77z-1(a)(3)(A)(i)(II) ... 5
§77z-1(a)(3)(A)-(B) ... 5
§77z-1(a)(3)(B) ... 1, 2, 6
§77z-1(a)(3)(B)(i) ... 5
§77z-1(a)(3)(B)(iii) ... 2, 3
§77z-1(a)(3)(B)(iii)(I)(bb) ... 5
§77z-1(a)(3)(B)(iii)(I)(cc) ... 6
§77z-1(a)(3)(B)(iii)(II)(aa) ... 8
§77z-1(a)(3)(B)(v) ... 2, 3, 8

Federal Rules of Civil Procedure
Rule 23 ... *passim*
Rule 23(a) ... 6
Rule 23(a)(3) ... 7
Rule 42(a) ... 2, 4

**Other Authorities**

NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008) ... 7

iii

NOTICE OF MOTION & MOTION OF JUSTIN MCMICHAEL AND VINCENZO CASOLA FOR: (1) CONSOLIDATION OF RELATED CASES; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Co-Lead Plaintiffs Movants Justin McMichael ("McMichael") and Vincent Casola, as Trustee of the Casola Trust ("Casola") (together, "McMichael and Casola", and/or "Movants") by and through their undersigned counsel, hereby move this Court before the Honorable District Judge Vince Chhabria, in Courtroom 4, 17th Floor, of the U.S. District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, on October 28, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard, for the entry of an order: (1) consolidating the above-captioned actions; (2) appointing McMichael and Casola as Co-Lead Plaintiffs for the putative Class, pursuant to §27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) approving Movants' selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class.

This motion is made on the grounds that Movants timely filed this motion and are the "most adequate plaintiff[s]." Based on the information presently available, Movants have the largest financial interest in the relief sought by the Class amongst movants for lead plaintiff, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as their claims are typical of the claims of the Class, and they will fairly and adequately represent the interests of the Class. In addition, Movants have selected and retained Scott+Scott, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel.

This motion is based on this notice of motion and memorandum of points and authorities herein, the Declaration of Thomas L. Laughlin, IV ("Laughlin Decl.") filed concurrently herewith and in support hereof, including Exhibits A-E attached thereto, the pleadings and other files and records previously entered in these actions, and such other written or oral argument as may be presented to the Court.

## STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Court should consolidate the above-captioned actions pursuant to Fed. R. Civ. P. 42(a) ("Rule 42(a)");

2. Whether the Court should appoint McMichael and Casola as Co-Lead Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(3)(B); and

3. Whether the Court should approve Movants' selection of Scott+Scott as Lead Counsel for the Class pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The three above-captioned related cases (the "Actions") are securities class actions brought on behalf of all those who purchased Class A common stock of Coinbase Global, Inc. ("Coinbase" or the "Company") pursuant and/or traceable to the Company's registration statement and prospectus (collectively, the "Offering Materials") for the resale of up to 114,850,769 shares of its Class A common stock, whereby Coinbase began trading as a public company on or around April 14, 2021 (the "Offering"). Movants purchased Coinbase common stock and suffered significant damages as a result of the misstatements alleged in the Actions. Movants respectfully submit this memorandum of points and authorities in support of their motion for: (1) consolidation of the above-captioned actions; (2) appointment as Co-Lead Plaintiffs pursuant to §27 of the Securities Act, 15 U.S.C. §77z-1(a)(3)(B), as amended by the PSLRA; and (3) approval of their selection of Scott+Scott to serve as Lead Counsel for the putative Class. The three above-captioned cases are substantially similar and should be consolidated and proceed together.

The PSLRA provides that the Court is to appoint as lead plaintiff the member of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23. 15 U.S.C. §77z-1(a)(3)(B)(iii). As demonstrated below, Movants should be appointed to serve as Co-Lead Plaintiffs for this litigation because: (1) their motion for appointment is timely filed; (2) based on information presently available, they have the largest

financial interest in this litigation; and (3) they are adequate and typical Class members. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same). In addition, Movants' selection of Scott+Scott to serve as Lead Counsel for the putative Class should be approved. *See* 15 U.S.C. §77z-1(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Scott+Scott has a long history of successfully litigating securities class actions and possesses the necessary resources to aggressively prosecute this action on behalf of the putative Class.

## II. FACTUAL BACKGROUND

On July 22, 2021, the first of three putative class actions that are currently pending in this District was filed by Scott+Scott against Coinbase, certain officers and directors of Coinbase, and the certain venture capital firms that sold stock in the Offering (collectively, "Defendants"), captioned *Ramsey v. Coinbase Global, Inc.*, No.: 3:21-cv-05634-VC (the "*Ramsey* Action"), on behalf of all persons who purchased or otherwise acquired Coinbase common stock pursuant to the Offering (the "Class"). ¶¶1, 14-33 & 58.[1] The *Ramsey* Action asserts claims under §§11, 12, and 15 of the Securities Act, 15 U.S.C. §§77k, 77l, and 77o. ¶¶64, 73 & 82. The claims arise from alleged material misstatements in the Offering Materials; specifically, the Offering Materials were false and misleading and omitted to state that, at the time of the Offering: (1) the Company required a sizeable cash injection; (2) the Company's platform was susceptible to service-level disruptions, which were increasingly likely to occur as the Company scaled its services to a larger user base; and (3) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. ¶¶43-50. The Complaint alleges that investors began to learn the truth about the Company's misrepresentations on May 17, 2021 and May 19, 2021. ¶¶53-56.

[1] All "¶" and "¶¶" citations are to the corrected Class Action Complaint filed in the *Ramsey* Action on July 23, 2021 (ECF No. 8) (the "Complaint") and the facts set forth in the Complaint are incorporated herein by reference.

Two substantially similar actions were subsequently filed in this court, on behalf of the same Class, regarding the same or substantially the same alleged misrepresentations as the *Ramsey* Action. Those two additional actions, captioned above, are *Klein v. Coinbase Global, Inc.*, No. 4:21-cv-06049, filed August 5, 2021, and *Catterlin v. Coinbase Global, Inc.*, No. 4:21-cv-06149, filed August 10, 2021. The *Ramsey* and *Catterlin* Actions name the same defendants; the *Klein* Action names the Company and the same individual defendants but does not name the venture capital firms. All three actions assert the same claims on behalf of the same Class.

## III. ARGUMENT

### A. The Above-Captioned Cases Should Be Consolidated

Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). '"In securities actions where the complaints are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact and the [parties] will not be prejudiced.'" *Id.*; [2]*see also Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564, 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005).

The three above-captioned actions present very similar factual and legal issues and allege the same violations of the federal securities laws against the same Defendants and on behalf of the same Class. Because the above-captioned actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others and common questions of law and fact will predominate in these actions. Accordingly, consolidation under Rule 42(a) is appropriate here.

### B. Movants Should Be Appointed Co-Lead Plaintiffs

#### 1. Movants' Motion Is Timely

[2] Unless otherwise noted, citations are omitted.

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §77z-1(a)(3)(A)(i). Following the commencement of the *Ramsey* Action, on July 22, 2021, Counsel for Plaintiff Ramsey, Scott+Scott, published notice of pendency of the action via *BusinessWire*. *See* Laughlin Decl., Ex. A. Because the Early Notice was published within 20 days of the initiating *Ramsey* Action, notice was timely. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014) (finding notice "timely because it was published within 20 days after the filing of the complaint").

All putative Class members seeking to be appointed lead plaintiff in this matter are required to move for appointment within 60 days of publication of the Early Notice, or September 20, 2021. 15 U.S.C. §77z-1(a)(3)(A)-(B). Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely. 15 U.S.C. §77z-1(a)(3)(A)(i)(II). Moreover, Movants have submitted certifications stating their willingness to serve as representative parties on behalf of the Class. *See* Laughlin Decl., Ex. B. Movants have also submitted a Joint Declaration demonstrating their adequacy. *See* Laughlin Decl., Ex. C.

**2. Movants Have the Largest Financial Stake in the Relief Sought by the Class**

The PSLRA provides that courts: "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. §77z-1(a)(3)(B)(i). Furthermore, there is a "rebuttable presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead

5

NOTICE OF MOTION & MOTION OF JUSTIN MCMICHAEL AND VINCENZO CASOLA FOR: (1) CONSOLIDATION OF RELATED CASES; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT

plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511, 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730). "District courts have typically considered the Olsten–Lax factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered."' *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Movants are the individuals with the largest financial interest in the relief sought in this litigation. Movants suffered losses of approximately $801,973. *See* Laughlin Decl., Ex. D. Given that Movants have the largest financial interest in this litigation and, as discussed below, satisfy all of the PSLRA prerequisites for appointment as lead plaintiff, they should be appointed Co-Lead Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(3)(B).

**3. Movants Are Otherwise Qualified Under Rule 23**

Pursuant to §27(a)(3)(B) of the Securities Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead

plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *See, e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party '"has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.'" *Id*. Here, Movants' claims are typical of the claims of the other members of the putative Class because, like all other Class members, they: (1) purchased Coinbase common stock pursuant to the Offering; (2) were adversely affected by Defendants' alleged misconduct; and (3) suffered damages as a result thereof. *See Russo v. Finisair Corp.*, No. 5:CV11-01252, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Movants are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

With respect to adequacy, movants are adequate class representatives when they possess common interests and an absence of conflict with fellow class members and the movant's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate '"whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation'"). Movants satisfy the "adequacy" requirement in the instant litigation because their interests are clearly aligned with the interests of the putative Class. Moreover, Movants, like all other members of the Class, suffered losses as a result of purchasing Coinbase common stock pursuant to the Offering. Movants will, therefore, benefit from the same relief as other Class members. In short, there is absolutely no evidence of antagonism between Movants and the putative Class.

7

NOTICE OF MOTION & MOTION OF JUSTIN MCMICHAEL AND VINCENZO CASOLA FOR: (1) CONSOLIDATION OF RELATED CASES; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT

Movants have also demonstrated that they are adequate representatives in this matter by retaining competent and experienced counsel. As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Movants have made a *prima facie* showing that they satisfy all of the requirements of Rule 23 for the purposes of this motion.

**C. The Court Should Approve Movants' Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35. As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of California.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12.

Movants have selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex. E. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[3]

[3] Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, No. 08-cv-03758, 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011), a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. (*Id.)*

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Gupta v. Athenex, Inc.*, No. 21-cv-00337 (W.D.N.Y.); *Garnett v. Wang [RLX Technology, Inc.]*, No. 21-cv-05125 (S.D.N.Y.), *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Blake v. MacroGenics, Inc.*, No. 8:19-cv-02713 (D. Md.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.) ($27.5 million settlement preliminarily approved); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.) ($14.5 million settlement preliminary approved); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

In light of the foregoing, the Court should approve Movants' selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Movants' choice of counsel, the putative Class will receive the highest caliber of representation.

## IV. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court consolidate the above-captioned cases, appoint them as Co-Lead Plaintiffs, and approve their selection of

9

NOTICE OF MOTION & MOTION OF JUSTIN MCMICHAEL AND VINCENZO CASOLA FOR: (1) CONSOLIDATION OF RELATED CASES; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT

Scott+Scott to serve as Lead Counsel.

Dated: September 20, 2021

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (admitted *pro hac vice*)
Rhiana L. Swartz (*pro hac vice* forthcoming)
Jonathan M. Zimmerman (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-233-6444
Facsimile: 212-233-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
jjasnoch@scott-scott.com

*Counsel for Movants McMichael and Casola and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian J. Schall (CA 290685)
1880 Century Park E, Suite 404
Los Angeles, CA 90067-1604
Telephone: 310-301-3335
Facsimile: 310-388-0192
brian@schallfirm.com

*Additional Counsel for Vincenzo Casola*

10

NOTICE OF MOTION & MOTION OF JUSTIN MCMICHAEL AND VINCENZO CASOLA FOR: (1) CONSOLIDATION OF RELATED CASES; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2021, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on September 20, 2021, at San Diego, California.

*s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
(admitted *pro hac vice*)