LATHAM & WATKINS LLP
Matthew Rawlinson (Bar No. 231890)
*matt.rawlinson@lw.com*
140 Scott Drive
Menlo Park, CA 94025
T: +1.650.463.3076

Morgan E. Whitworth (Bar No. 304907)
*morgan.whitworth@lw.com*
Cindy Guan (Bar No. 317036)
*cindy.guan@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
T: +1.415.391.0600

Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
*susan.engel@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
T: +1.202.637.2200

*Attorneys for Defendants Coinbase Global, Inc., Brian Armstrong, Alesia J. Haas, Jennifer N. Jones, Marc L. Andreessen, Frederick Ernest Ehrsam III, Kathryn Haun, Kelly Kramer, Gokul Rajaram, and Fred Wilson*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| IN RE COINBASE GLOBAL, INC. SECURITIES LITIGATION | No. 3:21-cv-05634-TLT<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER STAYING CASE** |
|---|---|

Pursuant to Local Rules 6-2 and 7-12, Lead Plaintiff Hsiu-Mei Yu ("Plaintiff") and Defendants Coinbase Global, Inc., ("Coinbase"), Brian Armstrong, Alesia J. Haas, Jennifer N. Jones, Marc L. Andreessen, Frederick Ernest Ehrsam III, Kathryn Haun, Kelly Kramer, Gokul Rajaram, and Fred Wilson (collectively "Defendants," and together with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows and jointly request that the Court enter the below Order approving this stipulation.

**WHEREAS**, on November 3, 2022, the Court held a Case Management Conference in which the Court set the hearing on Defendants' pending Motion to Dismiss for February 14, 2023 (Dkt. 121);

**WHEREAS**, on November 7, 2022, the Court entered a Case Management and Scheduling Order (Dkt. 122). Pursuant to the Case Management and Scheduling Order, the fact discovery cutoff is presently set for June 7, 2023, opening expert reports are due the same day, rebuttal expert reports are due on June 28, 2023, and the mediation deadline is June 30, 2023;

**WHEREAS**, this is a putative securities class action governed by the Private Securities Litigation Reform Act ("PSLRA"), which provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss," 15 U.S.C. § 77z-1(b);

**WHEREAS**, on December 13, 2022, the Supreme Court granted certiorari in *Slack Technologies, LLC v. Pirani*, No. 22-200 (S. Ct.) ("*Slack*");

**WHEREAS**, in *Slack*, the Supreme Court is reviewing a decision from the Ninth Circuit on the statutory standing requirements for a plaintiff to bring suit under Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act");

**WHEREAS**, the *Slack* lawsuit arises out of factual and procedural circumstances that are substantially similar to this case, insofar as both cases are putative securities class actions alleging claims under Sections 11 and 12(a)(2) of the Securities Act based on statements made in SEC registration statements that were filed in connection with direct listings;

**WHEREAS**, the specific question presented to the Supreme Court in *Slack* is "[w]hether Sections 11 and 12(a)(2) of the Securities Act of 1933 require plaintiffs to plead and prove that

they bought shares registered under the registration statement they claim is misleading";

**WHEREAS**, Defendants asserted the same standing argument in their fully-briefed motion to dismiss, (Dkt. 105 at 1 (Issue to be Decided No. 3)), arguing that Plaintiff's Complaint should be dismissed for lack of standing if either an en banc Ninth Circuit or the Supreme Court reversed the Ninth Circuit panel's decision in *Slack*. *See also id.* at 21

**WHEREAS**, the Supreme Court's decision in *Slack* is expected to issue by the end of its current term in June 2023;

**WHEREAS**, the Parties have met and conferred and agree that a stay of proceedings is warranted in light of the overlapping issues with the *Slack* case and their potentially dispositive effect on this case;

NOW, THEREFORE, the Parties hereby stipulate, subject to Court approval, that the instant case is stayed and all deadlines vacated pending the resolution of the Supreme Court's decision in *Slack*. The Parties will submit a joint status report within 14 days of the issuance of the Supreme Court's decision.

Dated: January 17, 2023

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ *Matthew Rawlinson*

Matthew Rawlinson (Bar No. 231890)
*matt.rawlinson@lw.com*
140 Scott Drive
Menlo Park, CA 94025
T: +1.650.463.3076

Morgan E. Whitworth (Bar No. 304907)
*morgan.whitworth@lw.com*
Cindy Guan (Bar No. 317036)
*cindy.guan@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
T: +1.415.391.0600

Andrew B. Clubok (*pro hac vice*)

*andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
*susan.engel@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
T: +1.202.637.2200

*Attorneys for Defendants Coinbase Global, Inc., Brian Armstrong, Alesia J. Haas, Jennifer N. Jones, Marc L. Andreessen, Frederick Ernest Ehrsam III, Kathryn Haun, Kelly Kramer, Gokul Rajaram, and Fred Wilson*

LEVI & KORSINSKY, LLP

By /s/ *Adam M. Apton*
Adam M. Apton (SBN 316506)
75 Broadway, Suite 202
San Francisco, California 94111
Telephone: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Plaintiff*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: January 19, 2023

Honorable Trina L. Thompson
UNITED STATES DISTRICT JUDGE